UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER : 07-22089-CIV-COOKE/BROWN

Maria Perego, Individually,

    Plaintiff

v.

JR Production and Distribution
International, Inc., a Florida Corporation,
and Rossi, Individually,

    Defendants.

_____/

**Affidavit of Compliance with Florida Statute 48.161**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

  BEFORE ME, the undersigned authority appeared Stephanie C. Alvarez, who

upon being duly sworn, states:

1. My name is Stephanie C. Alvarez and I represent the Plaintiff in the

  referenced matter.

2. As set forth in the Amended Complaint, incorporated herein by reference,

  pursuant to a diligent search, Plaintiff has been unable to serve the Defendants

  in this matter.  Specifically, the process server informed me that he attempted

  service at Defendant's principal place of business, Officer's home and

  Registered Agent's address (which are one and the same) on the following

  dates/times: August 25, 2007 @ 8:15 a.m., August 27, 2007 @ 7:20 p.m., and



EXHIBIT
"A"

August 30, 2007 @ 9:35 p.m. September 1, 2007 @ 11:00 a.m., September 3, 2007 @ 6:55 a.m., September 6, 2007 @ 9:50 p.m., September 8, 2007 @ 7:00 a.m., and September 11, 2007 @ 3:05 p.m., September 12, 2007 @ 6:45 a.m., September 14, 2007 @ 10:55 p.m., September 15, 2007 @ 4:30 p.m., September 18, 2007 @ 7:10 p.m., September 20, 2007 @ 6:40 a.m., September 22, 2007 @ 7:45 a.m., and September 24, 2007 @ 10:25 p.m., September 25, 2007 @ 10:20 a.m., September 26, 2007 @ 11:05 a.m., October 9, 2007 @ 8:00 a.m., October 10,2007 @2:25 p.m. and 2:25 p.m., October 11, 2007 @ 9:30 pm, October 12, 2007 @ 11:25 a.m.

3. As a result, Plaintiff believes that the Defendants are concealing their whereabouts for purposes of avoiding service, and was forced to substitute service of the initial pleading on Defendant JR Productions and Distribution International, Inc. ("JR") pursuant to Florida Statute 48.161.

4. Undersigned counsel has complied with the requirements of Florida Statute 48.161 as set forth below.

5. By letter dated October 24, 2007, undersigned counsel sent a copy of the Amended Complaint with Summons to the Secretary of State. The letter was sent via Certified Mail. A true and correct copy of undersigned counsel's October 24, 2007 letter is attached hereto as Exhibit A.

6. By letter dated October 26, 2007, a copy of undersigned counsel's October 24, 2007 letter with the above referenced enclosures was sent via Certified Mail to Defendant JR. A true and correct copy of undersigned counsel's letter dated October 26, 2007 is attached hereto as Exhibit B.

7. On or about November 16, 2007, my office received the Return Receipt card from the Secretary of State indicating that the Secretary of State had received and accepted service of the initial pleading and summons in this case on or about November 13, 2007. See Exhibit C.

8. Also on or about November 16, 2007, our office received the Return Receipt card from Defendant JR.  Whoever signed the card received the mail addressed to Defendant JR, but the individual is unknown to Plaintiff. See Exhibit D.

9. By letter dated November 21, 2007, undersigned counsel provided notice to Defendant JR of the Secretary of State's acceptance of service, as evidenced by the Return Receipt Card Plaintiff received from the Secretary of State.  A true and correct copy of undersigned counsel's correspondence dated November 21, 2007 is attached hereto as Exhibit E.

10. My office has yet to receive the Return Receipt card associated with my correspondence dated November 21, 2007. Given Defendants' concealment, Plaintiff respectfully submits that this requirement need not be complied with. *See Trawick's Florida Practice and Procedure* § 8:16 (2006) (The return receipt can also be dispensed with when the defendant conceals his whereabouts. Obviously mail cannot be directed to him under these circumstances so this party of the statutory procedures does not apply).

11. Accordingly, Plaintiff has complied with the requirements of Florida Statute 48.161 and has obtained substitute of service of the initial pleading and process on Defendant JR.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Stephanie C. Alvarez

**SWORN TO AND SUBSCRIBED** before me this 29th day of  November, 2007,

by  Stephanie C. Alvarez, who is personally known to me/ has produced

_____ as identification.

_____
NOTARY PUBLIC, State of Florida

My Commission Expires:

Ana Del Carmen Marte
Commission # DD574516
Expires:  AUG. 26, 2010
www.AaronNotary.com

# EXHIBIT A

# FELDMAN GALE
### INTELLECTUAL PROPERTY LAW

ONE BISCAYNE TOWER, 30TH FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4332
TEL: 305.358.5001
FAX: 305.358.3309

Toll Free: 800.489.9814
www.FeldmanGale.com

REPLY TO: MIAMI OFFICE

E-MAIL: SAlvarez@FeldmanGale.com

October 24, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Secretary of State
Division of Corporations
Post Office Box 6327
Tallahassee, Florida 32314
Attn: Service of Process

Re: Perego v. JR Productions and Distribution International, Inc. et al
    Case No.: 07-22089-CIV-COOKE-BROWN

Dear Sir:

Enclosed please find the original and two copies of a Summons with attached Amended Complaint for substitute service on the Defendant, JR Productions and Distribution International, in connection with the above matter. Also enclosed is our check in the amount of $8.75 for service of process.

Please accept service pursuant to Florida Statute 48.161.

Sincerely,

Stephanie C. Alvarez

SCA
Enclosures

MIAMI • LOS ANGELES

**SENDER: COMPLETE THIS SECTION**

- ■ Complete Items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary of State
Division of Corporations
P.O. Box 6327
Tallahassee, Fl. 32314

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
DEPT OF STATE

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No
NOV 13 2007

CLEARED

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 0750 0000 5186 8188

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To: Secretary of State
Street, Apt. No.; or PO Box No. P.O. Box 6327
City, State, ZIP+4 Tall. Fl. 32314

PS Form 3800, June 2002   See Reverse for Instructions

7004 0750 0000 5186 8188

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number:   07-22089 CIV-COOKE-BROWN

Maria Perego, Individually,

Plaintiff

v.

JR Production and Distribution
International, Inc., et al.

Defendant

## SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

JR Production and Distribution International, Inc.
c/o Secretary of State
P.O. Box 6327
Tallahassee, Fl. 32314

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Stephanie C. Alvarez, Esq.
Feldman Gale
One Biscayne Tower,
2 South Biscayne Blvd., 30th Floor
Miami, Fl. 33131

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox

CLERK OF COURT _____          DATE _____

_____
(BY) DEPUTY CLERK

AO 446 (Rev. 10/2002) Summons in a Civil Case (Reverse)

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

_____

_____

G   Other (*specify*): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL   $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                                   Signature of Server

                                                                 Address of Server

_____

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22089 – CIV-COOKE-BROWN

Maria Perego,
Individually,

Plaintiff

v.

JR Production and Distribution International, Inc.,
a Florida Corporation, and
Jorge Rossi, Individually,

Defendants.

_____/

### AMENDED COMPLAINT

Plaintiff, Maria Perego, ("Perego"), individually, by and through undersigned counsel FeldmanGale, P.A., sues Defendants, JR Production and Distribution International, Inc. and Jorge Rossi, individually, and alleges:

### Introduction

In this action, Perego seeks to prevent the Defendants, JR International Production and Distribution International, Inc. and Jorge Rossi, from infringing Perego's copyrights, unfairly competing with Perego and misleading and confusing the consuming public in violation of Federal law.

1

### Subject Matter Jurisdiction, Personal
### Jurisdiction and Venue

2.   This is a civil action for (a) copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq.*; (b) unfair competition under the Lanham Act of the United States, 15 U.S.C. §§ 1051 *et seq.*

3.   This Court has exclusive original jurisdiction over the claims for copyright infringement asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has original jurisdiction over the claims for unfair competition pursuant to 28 U.S.C. §1338(b).

4.   Defendant JR Production and Distribution International, Inc. resides in this District, engaged and continues to engage in infringing conduct in this District, and has caused and continues to cause harm to Perego in this District; therefore, this Court has personal jurisdiction over JR Production and Distribution International, Inc.

5.   Upon information and belief, Defendant Jorge Rossi resides in this District, engaged and continues to engage in infringing conduct in this District and has caused and continues to cause harm to Perego in this District; therefore, this Court has personal jurisdiction over Jorge Rossi.

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because: (i) JR Production and Distribution International, Inc. and Jorge Rossi, personally, conduct business in this District; (ii) JR Production and Distribution International, Inc. and Jorge Rossi, personally, engaged in the tortious acts alleged herein in this District; and (iii) the claims alleged arose in this District.

## The Parties

7.    Perego is an individual who resides in Montecarlo and is the creator of the renown character mouse named TOPO GIGIO. See Exhibit A.

8.    JR Production and Distribution International, Inc. ("JR") is a corporation organized and existing under the laws of the State of Florida. JR's principal place of business is located in Miami, Florida.

9.    Jorge Rossi ("Rossi"), upon information and belief, is a resident of Miami, Florida and is the President of JR, and upon and information and belief, directs and controls the infringing activity set forth below.

## General Allegations

### The Creation of TOPO GIGIO

10.    In or about 1958, Maria Perego created a mouse puppet named TOPO GIGIO. The TOPO GIGIO character was featured in an Italian children TV show and was (and continues to be) the subject of children magazines, movies and various merchandising. A variety of photographs depicting TOPO GIGIO is attached hereto as Exhibit A.

11.    It was only a matter of time before TOPO GIGIO was recognized and known throughout the world. In fact, in the early 1960s, TOPO GIGIO appeared on Ed Sullivan's weekly TV show for a total of 92 appearances. True and correct copies of newspaper and magazine articles featuring Ed Sullivan and TOPO GIGIO are attached hereto as Exhibit B.

12.    Since then, TOPO GIGIO has appeared in thousands of TV shows in various countries including but not limited to, Italy, Argentina, Ecuador, Peru, Brazil, Portugal, Spain, Japan, Taiwan, the United States, Switzerland, China, Mexico, Great Britain, Germany and Malaysia. True and correct copies of newspaper and magazine articles featuring TOPO GIGIO

3

in various publications throughout the world are attached hereto as Exhibit C. The fame of TOPO GIGIO has been acknowledged through the receipt of various prizes as the best television character in countries such as Venezuela, Mexico, Switzerland and Italy.

13. Most recently, TOPO GIGIO appeared in sports news which aired during the 2006 World Championship of Soccer. Every year TOPO GIGIO still appears in important Italian shows such as "lo Zecchino d'Oro" and special events for Christmas.

14. Through licensees in the United States, Perego distributes DVDs and videotapes of programs featuring TOPO GIGIO, and also distributes various merchandising including but not limited to plush toys under the trademark TOPO GIGIO. See Exhibit D.

15. As a result of TOPO GIGIO's popularity, TOPO GIGIO has enjoyed global promotion, marketing and success.

### Perego's Trademark for TOPO GIGIO

16. Perego is and has been the owner of common law trademark rights in TOPO GIGIO in the United States. Perego's first use of the word mark TOPO GIGIO in connection with TV programs in the United States was in the early 1960s. Perego is also the owner of a trademark application, United States Patent & Trademark Office Serial No. 77/253,512 for the word mark TOPO GIGIO in connection with pre-recorded TV programs, the distribution of same, and toys (hereinafter the "TOPO GIGIO Trademark"). A true and correct copy of an excerpt of the electronic filing receipt for U.S. trademark application Serial No.77/253,512 is attached hereto as Exhibit E[1].

---

[1] The above trademark application bears first use dates of October 31, 1991 and July 31, 2005. Given the appearance of TOPO GIGIO on the Ed Sullivan Show in the early 1960s and other shows produced by third parties, Perego has a good faith basis to believe that these first use dates are actually several years prior to that shown on the above referenced U.S. application. Perego is presently investigating same. Once Perego completes this investigation, she will amend the application to reflect earlier first use dates, if applicable.

17.   Given the widespread popularity and exposure of the TOPO GIGIO character throughout the United States, and elsewhere, it is clear that the TOPO GIGIO Trademark is distinctive among the consuming public.

### Perego's Copyright Registrations for TOPO GIGIO

18.   Perego is the owner of the copyrighted character TOPO GIGIO.  The copyright for the character has been registered with the United States Copyright Office and assigned the following Registration number:  VA 556-765.  A true and correct copy of the VA 556-765 Copyright Registration is attached as Exhibit F.

19.   Perego is also the sole owner of the copyright in the updated version of the character TOPO GIGIO.  The copyright for the updated version of the character has been registered with the United States Copyright Office and assigned Registration No. VA 997-211.  A true and correct copy of the VA 997-211 Copyright Registration is attached hereto as Exhibit G.  The Copyright Registrations shown in Exhibits F and G will be referred to herein as "Copyrights".

### Defendants JR and Rossi

20.   The parties are no strangers to each other.  At one time, Rossi worked with an individual named Carlos Gallego, who was previously hired by Perego as an independent contractor for the sole purpose of bringing in potential licensing agreements relating to the TOPO GIGIO Trademark and Copyrights to Perego, for her consideration and approval.  At no time during Perego's relationship with Gallego was Gallego authorized to enter into any licensing agreements without the express approval, in writing, from Perego.  That is, any licensing agreement with a third party had to be in writing and signed by Perego (not Gallego)

and the third party licensee. Due to Mr. Gallego's unauthorized production and plagiarism of TOPO GIGIO programs[2] in South America, Mr. Gallego ceased to work with Perego in late 1994.

21.   In fact, Perego sued Gallego for infringement of her intellectual property rights in Argentina due to his unauthorized production and distribution of TOPO GIGIO programs. The parties reached a settlement in that matter wherein Gallego expressly agreed to cease and desist from further infringement. Upon information and belief, one of the persons that Gallego was doing business with at that time, unbeknownst to and without authorization from Perego, was Rossi.

22.   Some years later, Perego provided Gallego with another opportunity to negotiate potential TOPO GIGIO licensing deals.   At that time, Gallego approached Perego with two potential licensing agreements with two California companies named "Wal Mart and Ventura Distribution" ("Wal Mart and Ventura") for distribution of TOPO GIGIO programs and other TOPO GIGIO merchandising. Perego then entered into two agreements with Gallego regarding the division of royalties that would be due under Perego's anticipated agreement with Wal Mart and Ventura. Both agreements identified a company named "JR International," which, according to Gallego, was a company owned by him. Had Perego known that Jorge Rossi was involved with the so-called company named JR International, she would have rejected his participation in any licensing agreement.

23.   Unfortunately, Perego's relationship with Gallego again deteriorated and was terminated.   Upon information and belief, the relationship with Wal Mart and Ventura never came to fruition, as Perego never received or signed any agreement between her and Wal Mart

---

[2] Mr. Gallego, without authorization, produced several programs of TOPO GIGIO in Argentina. Upon information and belief, these unauthorized productions are part of the infringing materials being distributed by Defendants.

6

and Ventura. Gallego was supposed to provide Perego with a proposed agreement for her review and written approval, as set forth in her agreements with Gallego regarding distribution of royalties under the anticipated Wal Mart and Ventura deals. Gallego, however, never provided Perego with any proposed written agreements between Perego and Wal Mart and Ventura. Accordingly, neither JR nor Rossi had authorization to manufacture or distribute any TOPO GIGIO programs or merchandise to Wal Mart and Ventura or any other third party.

## Defendants' Infringing Conduct

24. Defendant JR, upon the direction of Rossi, has distributed and continues to distribute, without authorization, videotapes and DVDs of TOPO GIGIO programs and TOPO GIGIO toys on its web site www.jrinternationalinc.com. Excerpts from JR's web site are attached hereto as Exhibit H.

25. Additionally, JR's web site provides a link to another page that displays the TOPO GIGIO character, and contains false and misleading statements. For instance, this web page states that JR distributes the "only original collection of TOPO GIGIO" and that the distribution of such programming is proprietary to JR in the U.S., which is objectively false. Other web pages display the TOPO GIGIO Copyrights and provide a collage of media coverage of TOPO GIGIO, thereby misleading the consuming public into believing that JR is the owner of TOPO GIGIO. See Exhibit I ("La UNICA Collection Original del TOPO GIGIO. . . de la TV propietaria de los derechos de venta y produccion en USA . . . . JR International, Inc. All rights reserved TOPO GIGIO®").

26. The public viewing JR's web site will be misled into believing that JR is affiliated, authorized or sanctioned by Perego to distribute TOPO GIGIO videotapes and toys, when it is not.

27.   The programs that the Defendants are distributing constitute unauthorized copies of TOPO GIGIO programming while other programs being distributed, upon information and belief, constitute counterfeit and mutilated versions of authentic TOPO GIGIO programming.

28.   The quality of the programs being distributed by Defendants is quite poor, thereby damaging the good will Perego has in and to the TOPO GIGIO Trademark.

29.   Additionally, the Defendants are representing to third parties that they are the exclusive owner of all rights in and to the TOPO GIGIO Trademark and Copyrights, including but not limited to the broadcasting rights associated with TOPO GIGIO, and upon information and belief, are entering into distribution and broadcasting agreements with third parties. In fact, Defendants tout themselves as being the "home of TOPO GIGIO". By virtue of these knowingly false representations, Perego has had to take corrective action to salvage the good will associated with the TOPO GIGIO Trademark.

30.   Despite Perego's repeated requests for the Defendants to cease the unauthorized distribution of programs of TOPO GIGIO and unauthorized use of the TOPO GIGIO Trademark, Defendants continue their blatant infringement of Perego's intellectual property rights. Thus, Defendants' actions are willful and in bad faith.

31.   Perego continues to be irreparably damaged by Defendants' inviolate conduct.

### Defendant JR is Concealing Its Whereabouts to Avoid Service of Process

32.   On or about August 14, 2007, Plaintiff filed a Complaint against the Defendants. In an effort to resolve this matter without Court intervention, by letter dated August 15, 2007, Plaintiff provided Defendants with a courtesy copy of the Complaint requesting that the Defendants contact Plaintiff prior to a certain date in order to discuss settlement of this matter.

Attached hereto as Exhibit J is a true and correct copy of the cover letter enclosing the Complaint.

33.   The courtesy copy of the Complaint was hand-delivered to the Defendants on or about August 15, 2007 at the following location: 999 Brickell Bay Dr., Apt. 1908, Miami, Florida 33131 (hereinafter, "Brickell Address").

34.   Per the records on file with the Florida Division of Corporations, see Exhibit K, JR's principal place of business is located at the Brickell Address.  The President of JR is Jorge Rossi, a named Defendant in the instant action. The only other officer of JR is listed as Paola Rossi, who is, upon information and belief, Mr. Rossi's spouse.  The address on file with the Florida Division of Corporations for both officers of JR, namely Mr. and Mrs. Rossi, is the Brickell Address.  Similarly, the Registered Agent of JR is listed as Mr. Rossi with the same Brickell Address.  Thus, the only address on file for JR, its Registered Agent and officers is the Brickell Address.

35.   Having received no response to her letter dated August 15, 2007, Plaintiff began to attempt service on the Defendants on or about August 25, 2007 at the Brickell Address.  The process server has attempted service at the Brickell Address over a dozen times with no success[3].

36.   In an effort to obtain alternate addresses for service, Plaintiff conducted an online investigation.  Unfortunately, said online search did not reveal alternative addresses for service.

---

[3]   Specifically, the process server attempted service at the Brickell Address as follows: August 25, 2007 @ 8:15 a.m., August 27, 2007 @ 7:20 p.m., and August 30, 2007 @ 9:35 p.m. September 1, 2007 @ 11:00 a.m., September 3, 2007 @ 6:55 a.m., September 6, 2007 @ 9:50 p.m., September 8, 2007 @ 7:00 a.m., and September 11, 2007 @ 3:05 p.m., September 12, 2007 @ 6:45 a.m., September 14, 2007 @ 10:55 p.m., September 15, 2007 @ 4:30 p.m., September 18, 2007 @ 7:10 p.m., September 20, 2007 @ 6:40 a.m., September 22, 2007 @ 7:45 a.m., and September 24, 2007 @ 10:25 p.m., September 25, 2007 @ 10:20 a.m., September 26, 2007 @ 11:05 a.m., October 9, 2007 @ 8:00 a.m., October 10, 2007 @ 2:25 p.m. and 2:25 p.m., October 11, 2007 @ 9:30 pm., October 12, 2007 @ 11:25 a.m.

37. Based on Plaintiff's due diligence, Plaintiff has reason to believe that JR is concealing its whereabouts in order to avoid service of process.

38. It is clear that Defendants had notice of Plaintiff's Complaint and then chose to avoid service of the Complaint for several reasons. First, Defendants revised JR's web site to indicate that the infringing items were no longer available for sale online. Second, Defendants then shut down the infringing web site altogether. While Plaintiff appreciates Defendants' attempts to mitigate the damage caused by Defendants' willful infringement, Plaintiff would like to proceed with its action against the Defendants in order to resolve this matter once and for all. See Composite Exhibit L.

39. Moreover, it is also clear that JR's Registered Agent has failed to comply with Fla. Stat. Section 48.091(2) which requires that the registered office be kept open from 10:00 a.m. to 12 noon each day. Moreover, since the Brickell Address is JR's principal place of business and the only employees of JR seem to be the President, Mr. Rossi, and his wife, Plaintiff is unable to effectuate service pursuant to the options listed in Fla. Stat. Section 48.081 (or 48.031).

## COUNT I
### Copyright Infringement Under Federal Law, 17 U.S.C. § 501
#### Against Defendants

40. Perego repeats paragraphs 1 through 31 in support of this Count.

41. This cause of action arises under 17 U.S.C. § 501.

42. Perego owns valid copyrights in the Copyrights, and has obtained Registrations for the Copyrights from the United States Copyright Office.

43.   Defendants have infringed, either directly or vicariously, Perego's Copyrights and are in violation of Perego's exclusive rights as set forth in 17 U.S.C. §106 by, *inter alia*:

    a.   copying Perego's Copyrights without authorization;

    b.   displaying Perego's works without authorization; and

    c.   creating derivative works based upon Perego's Copyrights without authorization.

44.   Upon information and belief, Defendants have benefited by virtue of their infringement of Perego's Copyrights.

45.   Defendants' actions have caused Perego to sustain monetary damage, loss and injury, in an amount to be determined at trial. Perego is entitled to recover actual damages and Defendants' profits relating to the infringement. Alternatively, Perego is entitled to recover statutory damages for Defendants' willful infringement.

46.   Defendants' unlawful activities have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss and injury to Perego for which she has no adequate remedy at law.

**COUNT II**
False Designation of Origin and Unfair Competition
Under Federal Law, 15 U.S.C. §1125
<u>Against Defendants</u>

47.   Perego repeats paragraphs 1 through 31 in support of this Count.

48.   This cause of action arises under 15 U.S.C. §1125.

49.   Defendants' use of the TOPO GIGO Trademark creates a likelihood that a false and unfair association will be made between Defendants and Perego in that the consuming public is likely to believe that Defendants are connected with, affiliated with, authorized by, sponsored by or approved by Perego.

11

50. Defendants' actions constitute unfair competition because Defendants have used Perego's reputation and goodwill in and to the TOPO GIGIO Trademark to promote their low quality products which are not sponsored or approved by, or connected with, Perego.

51. Upon information and belief, Defendants' acts have been and are being committed with the purpose and willful intent of misappropriating and trading upon Perego's goodwill and reputation, and the goodwill and reputation associated with the TOPO GIGIO Trademark.

52. By their actions, Defendants have unfairly competed with, and continue to unfairly compete with, Perego in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §1125(a).

53. Defendants have engaged in this activity knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of treble damages against them.

54. Defendants' actions have caused Perego to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

55. Defendants' actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss and injury to Perego for which she has no adequate remedy at law.

## Prayer For Relief

WHEREFORE Perego prays for an Order of Judgment:

A. That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from:

1.     Reproducing or copying Perego's Copyrights or otherwise engage in acts that constitute copyright infringement under the copyright laws of the United States and which would damage or injure Perego; and

2.     Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

B.     That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from:

1.     Using the TOPO GIGIO Trademark or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation thereof, in connection with the distribution of their infringing products;

2.     Engaging in acts that constitute unfair competition under the trademark laws of the United States and which would damage or injure Perego;

3.     Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

C.     That Defendants be required to take any corrective action as may be directed by this Court for the purpose of attempting to remedy and alleviate any consumer confusion or any loss of goodwill suffered by Perego as a result of Defendants' infringing activities and unfair competition;

D.     That Defendants be ordered to deliver up for destruction as the Court shall direct, any and all advertisements and other promotional materials in Defendants' possession or under its custody or control that bear the TOPO GIGIO Trademark or Copyrights, or, any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation thereof;

E.      That in accordance with 15 U.S.C. §1116, Defendants be directed to file with the Court and serve on Perego, no later than thirty (30) days after service on Defendants of such Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

F.      That in accordance with 17 U.S.C. §§ 504 and 505, Defendants be ordered to:

    1.      Account for and pay over to Perego an amount equal to Perego's actual damages and all of the gains, profits, savings, and advantages realized by Defendants as a result of their infringement of the Copyrights;

    2.      Reimburse Perego for the costs of this action; and

    3.      Reimburse Perego for any and all reasonable attorney's fees incurred as a result of the infringement of Perego's Copyrights.

G.      That in accordance with 15 U.S.C. § 1117, Defendants be ordered to:

    1.      Account for and pay over to Perego an amount equal to Perego's actual damages, and all of the gains, profits, savings, and advantages realized by Defendants as a result of their unfair competition, and if Defendants' actions are deemed be willful and intentional, then such amount should be increased to an amount not exceeding three times of such amount;

    2.      Reimburse Perego for the costs of this action; and

    3.      Reimburse Perego for any and all reasonable attorney's fees incurred as a result of Defendants' unfair competition; and

H.      Any other relief deemed appropriate by this Court.

14

Date: October 23, 2007

Respectfully submitted,

FeldmanGale, P.A.
Counsel for Perego, LLC
Miami Center, 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 358-5001
Fax: (305) 358-3309

By:   Stephanie C. Alvarez
        Samuel A. Lewis / Fla. Bar No. 0055360
        E-Mail: slewis@FeldmanGale.com
        Stephanie C. Alvarez / Fla Bar No. 127280
        E-Mail: salvarez@FeldmanGale.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 23, 2007, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 07-22089 CIV COOKE/BROWN

Jr. Production and Distribution International, Inc.
999 Brickell Bay Drive, 1908
Miami, Fl. 33131
Served via U.S. Mail

Jorge Rossi
999 Brickell Bay Drive, 1908
Miami, Fl. 33131
Served via U.S. Mail

s/ Stephanie C. Alvarez

16

# EXHIBIT B

# FELDMAN GALE

### INTELLECTUAL PROPERTY LAW

ONE BISCAYNE TOWER, 30ᵀᴴ FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4332
TEL: 305.358.5001
FAX: 305.358.3309

REPLY TO: MIAMI OFFICE

Toll Free: 800.489.9814
www.FeldmanGale.com

E-MAIL: SAlvarez@FeldmanGale.com

October 26, 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Jorge Rossi, Registered Agent and
President of JR Productions and Distribution International, Inc.
999 Brickell Bay Drive, 1908
Miami, Florida 33131

RE:     Perego v. JR Production and Distribution International, Inc., et al.
        Case No.: 07- 22089-CIV-COOKE-BROWN

Dear Mr. Rossi:

Enclosed please find a copy of the Summons with attached Amended Complaint which was
mailed to the Secretary of State for substitute service for JR Production and Distribution
International, Inc.

Sincerely,

Stephanie C. Alvarez

SCA
Enclosures

# FELDMAN GALE
### INTELLECTUAL PROPERTY LAW

One Biscayne Tower, 30TH Floor
2 South Biscayne Boulevard
Miami, Florida 33131-4332
Tel: 305.358.5001
Fax: 305.358.3309

Toll Free: 800.489.9814
www.FeldmanGale.com

REPLY TO: MIAMI OFFICE

E-MAIL: SAlvarez@FeldmanGale.com

October 24, 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Secretary of State
Division of Corporations
Post Office Box 6327
Tallahassee, Florida 32314
Attn: Service of Process

Re: Perego v. JR Productions and Distribution International, Inc. et al
Case No.: 07-22089-CIV-COOKE-BROWN

Dear Sir:

Enclosed please find the original and two copies of a Summons with attached Amended Complaint for substitute service on the Defendant, JR Productions and Distribution International, in connection with the above matter. Also enclosed is our check in the amount of $8.75 for service of process.

Please accept service pursuant to Florida Statute 48.161.

Sincerely,

Stephanie G. Alvarez

SCA
Enclosures

MIAMI · LOS ANGELES

# EXHIBIT C

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 0750 0000 5186 8188

Sent To: *Secretary of State*
Street, Apt. No.; or PO Box No. *P.O. Box 6327*
City, State, ZIP+4 *Tall, F 32314*

PS Form 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Secretary of State*
*Division of Corporations*
*P. O. Box 6327*
*Tallahassee, Fl. 32314*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
DEPT OF STATE

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
NOV 13 2007

CLEARED

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    7004 0750 0000 5186 8188

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1

# EXHIBIT D

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

|||||||||||||||||||||||||||||||||
JR PRODUCTIONS and DISTRIBUTION
INTERNATIONAL
999 BRICKELL AVENUE, 1908
MIAMI, FL. 33131

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Lenn Delara  11/7/07
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7005 1160 0005 4285 6167

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1



Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  J.R. Productions and Dist. Inc.
Street, Apt. No.;
or PO Box No.  999 Brickell Bay Dr. #1908
City, State, ZIP+4  Miami, Fl. 33131

7005 1160 0005 4285 6167

PS Form 3800, June 2002          See Reverse for Instructions

# EXHIBIT E

# FELDMAN GALE

INTELLECTUAL PROPERTY LAW

ONE BISCAYNE TOWER, 30TH FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4332
TEL: 305.358.5001
FAX: 305.358.3309

REPLY TO: MIAMI OFFICE

Toll Free: 800.489.9814
www.FeldmanGale.com

E-MAIL: SAlvarez@FeldmanGale.com

November 21, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Jorge Rossi, Registered Agent and
President of JR Productions and Distribution International, Inc.
999 Brickell Bay Drive, 1908
Miami, Florida 33131

RE:     Perego v. JR Production and Distribution International, Inc., et al.
        Case No.: 07- 22089-CIV-COOKE-BROWN

Dear Mr. Rossi:

In furtherance of my letter dated October 26, 2007, you are hereby notified that the Secretary of State has accepted service of the Amended Complaint in the referenced matter. Enclosed is a copy of the return receipt card dated November 13, 2007 received from the Secretary of State.

Sincerely,

Stephanie C. Alvarez

SCA
Enclosures

MIAMI • LOS ANGELES

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Secretary of State
Division of Corporations
P.O. Box 6327
Tallahassee, Fl. 32314

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Deliv
DEPT OF STATE

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

NOV 1 3 2007

CLEARED

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchand
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7004 0750 0000 5186 8188

PS Form 3811, February 2004.   Domestic Return Receipt   102595-02-M-1

---

7004 5186 8188 0000 0750

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Secretary of State
Street, Apt. No.; or PO Box No.
P.O. Box 6327
City, State, ZIP+4
Tall Fl 32314

PS Form 3800, June 2002   See Reverse for Instructions