UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-22089-CIV-COOKE/BANDSTRA

MARIA PEREGO,

    *Plaintiff*,

v.

JR PRODUCTION AND DISTRIBUTION
INTERNATIONAL, INC., *et al.*,

    *Defendants*.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before me on Plaintiff's Motion for Summary Judgment [D.E. 107], filed on February 17, 2009, Defendants' Opposition to Plaintiff's Motion for Summary Judgment [D.E. 115], filed on March 16, 2009, Plaintiff's Reply in Support of her motion [D.E. 119] and Plaintiff's Motion to Strike [D.E. 118], filed on March 23, 2009. For the reasons set forth below, I am granting Plaintiff's Motion for Summary Judgment, and granting, in part, Plaintiff's Motion to Strike.

### *I. UNDISPUTED FACTUAL BACKGROUND*[1]

Plaintiff Maria Perego created a puppet mouse named "Topo Gigio" in 1958. Topo Gigio is well-known and recognized throughout the world. It has been the subject of magazines, movies and various merchandising since that time, and made a total of ninety-two (92) appearances on the Ed Sullivan television show. Perego has been the owner of the Topo Gigio copyright and trademark rights in the United States since the 1960s. Defendants JR Production and Distribution International,

---

[1]These facts are contained in the Plaintiff's statement of material facts, and undisputed by Defendants. Moreover, JR Production, by its default, is deemed to have admitted the well-pled factual allegations of Plaintiff's Complaint. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact...").

Inc. ("JR Production") and Jorge Rossi (together with JR Production, "Defendants") have willfully offered, sold and/or distributed various products containing substantially and confusingly similar copies of the Topo Gigio trademarks and copyrights, including VHS, DVD, and CD media, television, cable, satellite, cellular and internet rights, and licensing of several consumer products such as toys. Defendants placed FBI warnings conspicuously on the packaging of many of these products, along with a copyright notice in the form of "JR International © All Rights Reserved." More than one thousand consumers have purchased Topo Gigio-related products from Rossi.

Rossi admitted that he has received more than one million dollars in gross revenues from the sale of Topo Gigio related products. JR Production's tax returns from 2002 thru 2007 show that it earned at least two million, four hundred thirty-five thousand, six hundred ninety-one dollars and twenty cents ($2,435,691.20) in gross revenues. Defendants have not presented any evidence to show that any portion of their gross revenues is attributable to sales of merchandise other than the Topo Gigio goods and services.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must

set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

### III. ANALYSIS

Perego seeks summary judgment against Defendants for copyright infringement under 17 U.S.C. § 501, and for false designation of origin and unfair competition under 15 U.S.C. § 1125. To establish copyright infringement, Perego must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). To establish a prima facie case under § 1125(a), Perego must show (1) that she had enforceable trademark rights in the Topo Gigio mark or name, and (2) that Defendants made unauthorized use of it such that consumers were likely to confuse the two. *See Custom Mfg. and Eng'g, Inc. v. Midway Services, Inc.*, 508 F.3d 641, 647 (11th Cir. 2007). Here, Defendants do not dispute that Perego owned a valid copyright as well as enforceable trademark rights in the Topo Gigio name. Defendants also do not deny that they willfully offered, sold and/or distributed various products containing substantially and confusingly similar copies of the Topo Gigio trademarks and copyrights.

Instead, Defendants contend that they were authorized to do so pursuant to a contract executed by Perego's agent, Carlos Alberto Gallego. The existence of this agency relationship, according to Defendants, creates a genuine issue of material fact. I find that Defendants have not met their burden of proving the existence of an agency relationship between Perego and Gallego. *See Associates Capital Services Corp. v. Loftin's Transfer & Storage*, 554 F.2d 188, 190 (5th Cir.

1977) ("The burden of proving the existence of an agency relationship lies with the party seeking to rely on the existence of an agency").[2] Plaintiff is entitled to summary judgment.

A genuine issue of material fact does not exist until there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *Haves v. Miami*, 52 F.3d 918, 921 (11th Cir. 1995). Furthermore, on motions for summary judgment, I can only consider evidence which can be reduced to an admissible form. *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005). Defendants' Response to Perego's Motion for Summary Judgment is supported solely by Defendant Jorge Rossi's affidavit. [D.E. 115-2]. In his affidavit, Rossi states that Perego entered into a legally binding licensing agreement with Carlos Alberto Gallego, which gave Gallego the right to market and otherwise use Topo Gigio. Rossi attaches what he purports to be a copy of the licensing agreement to his affidavit. [D.E. 115-5]. This document is not in English, and Rossi did not provide an English translation. Federal court proceedings in the United States are conducted in English, and I will not consider the foreign language document, nor Rossi's statements regarding its content, in making my ruling.[3] *See U.S. v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English"); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-414 (1st Cir. 2000) (declining to consider deposition excerpts in Spanish as part of the record on summary judgment where no English translation was provided).

Rossi also claims that Gallego, "expressly represented himself as having a *bona fide* legal

---

[2]Decisions from the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding precedent for courts in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[3]Perego's Motion to Strike Hearsay and other Inadmissible Aspects of Defendants' Submission [D.E. 118] is granted as to the foreign language document found at D.E. 115-5, and Paragraphs 5, 6 and 8 of Rossi's affidavit [D.E. 116-2].

relationship with Perego, as her agent, authorizing him to act on her behalf." This statement constitutes inadmissible hearsay because it is being offered for its truth, to establish that an agency relationship existed between Gallego and Perego. The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (citation and internal quotation omitted). Defendants have not presented any other evidence of an agency relationship between Perego and Gallego.[4] Because Defendants have not presented sufficient evidence to create a genuine issue of material fact as to whether Gallego acted as Perego's agent, I am granting Perego's Motion for Summary Judgment.

I also find that Perego is entitled to damages for Defendants' copyright infringement, false designation of origin and unfair competition. A plaintiff in a copyright infringement action may recover profits earned by the infringers as a result of the unlawful infringement. *See Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1376 (5th Cir. 1981). Similarly, the Lanham Act provides for recovery of defendants' profits by a successful plaintiff. *See Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487 (11th Cir. 1987). The Lanham Act confers upon district courts wide discretion in determining a just amount of recovery for trademark infringement. *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008). Perego attached JR Production's tax returns from 2002 thru 2007 as evidence of Defendants' profits, which showed two million, four hundred thirty-five thousand, six hundred ninety-one dollars and twenty cents ($2,435,691.20) in gross revenues. Defendants admit that there is no evidence to show that any portion of their gross revenues is attributable to sales of merchandise other than the Topo Gigio

---

[4]Rossi did submit an agreement between JR Production and Carlos Gallego Productions, which allegedly gave Defendants certain rights regarding the Topo Gigio character. Unfortunately for Defendants, this agreement is not signed by Perego, does not purport to be signed on behalf of Perego, and does not state that Carlos Gallego Productions was acting as Perego's agent.

goods and services. After a plaintiff proves the infringer's sales, the burden shifts to the defendant to prove its expenses and other deductions from gross sales. *Westco Mfg., Inc.*, 833 F.2d at 1488. Defendants did not offer any proof concerning any costs or deductions from this total. I am therefore awarding Perego damages in the amount of two million, four hundred thirty-five thousand, six hundred ninety-one dollars and twenty cents ($2,435,691.20), which represents Defendants' profits from the sale of Topo Gigio merchandise.

## IV.  CONCLUSION

Plaintiff's Motion for Summary Judgment [D.E. 107] is **GRANTED**. Accordingly, I **ORDER** and **ADJUDGE** as follows:

1.  The Preliminary Injunction [D.E. 63] is converted into a Permanent Injunction. The Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Permanent Injunction by personal service or otherwise, are PERMANENTLY ENJOINED AND RESTRAINED from:

    a. using in any way the Topo Gigio trademarks or any confusingly similar or colorable imitation thereof, including without limitation, using such marks in advertising of any sort or in correspondence;

    b. making any false description, representation or suggestion that they are affiliated with, authorized by or sponsored by Ms. Perego, and from otherwise competing unfairly with Ms. Perego in any manner;

    c. acting in any manner which causes the Defendants, jointly or individually, to be in any way associated with Ms. Perego, including without limitation, claiming to be Ms. Perego's authorized representative or legal representative;

    d. using in any manner, or causing any other entity to use in any manner, the Topo

Gigio Copyrights, including, without limitation, copying, displaying or creating derivative works thereof;

e. engaging in, arranging for, or concluding, any negotiations or agreements involving, *inter alia,* the Topo Gigio trademarks and/or Topo Gigio Copyrights;

f. collecting any additional royalties or other revenues relating, directly or indirectly, to the Topo Gigio trademarks and/or Topo Gigio Copyrights; and

g. distributing any products or merchandise bearing, incorporating or otherwise relating to the Topo Gigio trademarks and/or Topo Gigio Copyrights.

2. Pursuant to Fed.R.Civ.P. 65, this Order shall be binding upon Defendants and any person(s) or entity(ies) acting in concert with Defendants who receives a copy of this Order.

3. This Permanent Injunction shall be deemed to have been served upon the Parties at the time of its execution by the Court.

4. Ms. Perego shall recover from Defendants, jointly and severally, the principal sum of $2,435,691.20, plus statutory interest.

5. This case is **CLOSED.**

**DONE AND ORDERED** in Miami, Florida, this 8th day of June 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Ted E. Bandstra*
*All counsel of record*